**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 14, 2013

LETTER TO COUNSEL:

RE: *Wayne Davis v. Commissioner of Social Security*; Civil No. SAG-11-2779

Dear Counsel:

On September 28, 2011, the Plaintiff, Wayne Davis, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). I have considered the parties' cross-motions for summary judgment (ECF Nos. 12 and 14) and find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT the Commissioner's motion and DENY Plaintiff's motion. This letter explains my rationale.

Mr. Davis filed his claim on June 15, 2009, alleging disability beginning on April 15, 2009. (Tr. 120-24). His claim was denied initially on September 16, 2009, and on reconsideration on May 26, 2010. (Tr. 64-71, 75-78). A hearing was held on February 15, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 25-58). Following the hearing, on March 2, 2011, the ALJ determined that Mr. Davis was not disabled within the meaning of the Social Security Act. (Tr. 10-24). The Appeals Council denied Mr. Davis's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Davis suffered from one severe impairment, degenerative disc disease. (Tr. 15). Despite this impairment, the ALJ determined that Mr. Davis retained the residual functional capacity ("RFC") to:

[P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except; he must be able to sit for 30 minutes, stand for 30 minutes consistently on an alternate basis, 8 hours a day, 5 days a week. He must also avoid temperature and humidity extremes, heights, hazardous machinery and the climbing of stairs, ropes and ladders. Additionally, he can only perform simple routine unskilled 1-2 step jobs that involve low concentration, stress and memory with no decision-making, judgment, or changes in the work setting and no production pace work. No prolonged

*Wayne Davis v. Commissioner, Social Security Administration*
Civil No. SAG-11-2779
January 14, 2013
Page 2

> balancing or stooping for more than once or twice an hour and he must
> avoid repetitive neck turning jobs.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Davis could perform jobs that exist in significant numbers in the national economy, and that he therefore was not disabled. (Tr. 22-23).

Mr. Davis's sole argument on appeal is that the ALJ erroneously relied upon the testimony of the VE. Pl.'s Mot. at 3-6. He contends that the occupations identified by the VE are outside of the range of work that he is capable of performing because they require a higher degree of reasoning ability than he possesses. Pl.'s Mot. at 4-6. Specifically, Mr. Davis asserts that the identified positions of "final assembler," "final inspector," and "finish worker," according to the Dictionary of Occupational Titles ("DOT"), require reasoning levels of two. Pl.'s Mot. 4. He submits that such reasoning levels are incompatible with the ALJ's findings that Mr. Davis only can perform work that requires simple, routine, unskilled, one to two step jobs. Plaintiff urges, without citing any evidence in the record, that he is unable to perform the mental demands of jobs requiring a reasoning level of two. However, Mr. Davis's asserted conclusion finds no basis in the law.

Contrary to Mr. Davis's assertions, there is no evidence in the record that suggests any significant functional mental limitations, nor any clinical findings consistent with his allegations. Rather, the medical evidence consistently shows that Mr. Davis is alert and oriented with normal mood, affect, insight, concentration, and behavior. (Tr. 245, 250, 301, 325, 374, 380, 386). Moreover, records from Mr. Davis's consultative exam do not note any abnormalities in mental status. (Tr. 325). The burden of producing evidence sufficient to establish the existence of an impairment and its resulting functional limitation rests on the claimant. 20 CFR §§ 404.1512(c) and 416.912(c); *see also Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the burden is on the claimant through step four of the sequential evaluation). Here, Mr. Davis has failed to establish a mental impairment resulting in significant functional limitations.

Moreover, in limiting Mr. Davis's RFC to simple, routine, unskilled, one to two step jobs, the ALJ sufficiently accounted for and accommodated Mr. Davis's impairments as established by the record. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). As noted above, the record does not establish any mental health complaints or treatment. and Mr. Davis's exams consistently demonstrated normal findings. Thus, the exceptionally restrictive limitations suggested by Mr. Davis are unsupported.

*Wayne Davis v. Commissioner, Social Security Administration*
Civil No. SAG-11-2779
January 14, 2013
Page 3


        Further, Mr. Davis has provided no vocational evidence to support his assertion
that jobs requiring a reasoning level of two are inconsistent with an RFC for simple,
routine work.  He appears to rely solely on his lay interpretation of the DOT.  However,
Mr. Davis's argument is misplaced.  This Court has found that reasoning levels of two
are consistent with limitations to simple instructions and routine tasks.  *See Dillon v.
Astrue*, No. 08-2597, 2011 WL 337334, at *5 (D. Md. Jan. 31, 2011) (holding that there
is no inconsistency between an RFC for simple, routine tasks and jobs requiring a
reasoning level of two).  Thus, the VE's testimony accurately incorporated Plaintiff's
RFC assessment and limitations, and the ALJ's reliance on the VE's testimony was
proper.

        For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF
No. 12) will be DENIED and Defendant's motion for summary judgment (ECF No. 14)
will be GRANTED.  The Clerk is directed to CLOSE this case.

        Despite the informal nature of this letter, it should be flagged as an opinion. An
implementing Order follows.


                                            Sincerely yours,


                                            /s/


                                            Stephanie A. Gallagher
                                            United States Magistrate Judge